IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CARLTON L. BROWN                                                                                        PLAINTIFF

v.                                                  Civil No. 1:20-cv-01048

CROSSETT POLICE DEPARTMENT;
Detective Division; DETECTIVE TERESA
TOLLIVER, Crossett Police Department;
DETECTIVE GUY HUGHES, Crossett Police
Department; FRANK SPAIN, Deputy
Prosecuting Attorney; THOMAS DEAN,
Deputy Prosecuting Attorney; and
ROBERT GIBSON, III, Deputy Prosecuting
Attorney                                                                                                DEFENDANTS

## ORDER

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. This case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff filed his Complaint on April 28, 2020. (ECF No. 1). Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* ("IFP") (ECF No. 2) was granted by the Court. (ECF No. 3). Plaintiff's Complaint states three claims. (ECF No. 1).

Each of Plaintiff's claims concerns his rape charges and ultimate conviction in the Circuit Court of Ashley County, Arkansas.[1] Plaintiff seeks compensatory damages as relief for his claims. (ECF No. 1 at 7).

Plaintiff previously filed an almost identical action, *Brown v. Crossett Police Dept., et al.*, 20-cv-01017, on April 28, 2020. The action was stayed and administratively terminated on May 13, 2020, pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 59 (1971).

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

---

[1] Plaintiff was convicted of the offense of rape in the Circuit Court of Ashley County, Arkansas, *State of Arkansas v. Carlton Brown*, 02CR-19-266. *Carlton Brown v. State of Arkansas*, CR-20-582, is currently pending in the Arkansas Court of Appeals. The appeal is from Plaintiff's rape conviction in the Circuit Court of Ashley County, Arkansas. The Court will take judicial notice of the proceedings in the Circuit Court of Ashley County, Arkansas, and in the Arkansas Court of Appeals. Fed. Evid. R. 201.

2

### III. DISCUSSION

#### A. Prosecuting Attorneys

Plaintiff's third claim is stated against Deputy Prosecuting Attorneys Thomas Dean, Frank Spain, and Robert Gibson, III. Plaintiff's claim against these Separate Defendants is subject to dismissal. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized.") (internal quotation omitted). Here, Plaintiff's claim against Separate Defendants Dean, Spain, and Gibson concern their actions as a deputy prosecutor for Ashley County, Arkansas. Accordingly, the claims against these Separate Defendants are dismissed with prejudice.

#### B. Remaining Claims

As set forth above, Plaintiff previously filed an almost identical action, *Brown v. Crossett Police Dept., et al.*, 20-cv-01017, on April 28, 2020. The action was stayed and administratively terminated on May 13, 2020, pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 59 (1971). The instant action adds two additional claims concerning testimony given

during the jury trial on his rape charges which was held after the earlier action in this Court was dismissed.

Plaintiff's claims against Defendants involve his allegations that he was falsely arrested and was maliciously prosecuted for rape. Under the abstention doctrine articulated in *Younger*, Plaintiff's claims, which challenge the validity of the pending state criminal proceedings against him, are barred. *Younger v. Harris*, 401 U.S. 37, 59 (1971).

The *Younger* doctrine "directs federal courts to abstain from accepting jurisdiction in cases where granting [equitable relief] would interfere with pending state proceedings" involving important state interests. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998). The *Younger* abstention doctrine reflects the public policy that disfavors federal court interference with state judicial proceedings and is based on the principles of comity and federalism. *See Ronwin v. Dunham*, 818 F.2d 675, 677 (8th Cir. 1987).

Three factors must be determined affirmatively to result in abstention under *Younger*: (1) there must be an ongoing state judicial proceeding, which (2) implicates important state interests, and (3) that proceeding must afford an adequate opportunity to raise the federal questions presented. *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir. 1996). If all three factors are met, the federal court must abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). This bad faith exception "must be construed narrowly and only invoked in extraordinary circumstances." *Aaron v. Target Corp.*, 357 F.3d 768, 778-79 (8th Cir. 2004) (internal quotation marks omitted).

For *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening mid-process would demonstrate a lack

of respect for the State as sovereign. *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989). Accordingly, "a necessary concomitant of *Younger* is that a party . . . must exhaust his state appellate remedies before seeking relief in the District Court, unless he can bring himself within one of the exceptions[2] specified in *Younger*." *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975).

The Court finds that the *Younger* abstention doctrine applies to this case because Plaintiff's claim involves an ongoing state judicial criminal proceeding against Plaintiff, the state clearly has an important interest in enforcing its criminal laws, and Plaintiff has given no indication that he cannot raise his constitutional claims during the state criminal proceedings. *Conley v. Hiland*, No. 4:15-cv0359-SWW, 2015 WL 4096152, at *1 (E.D. Ark. July 7, 2015). There is no indication of bad faith or any other extraordinary circumstance that would make abstention inappropriate. Thus, *Younger* bars Plaintiff's claims.

Plaintiff seeks only monetary damages in this action, so traditional abstention practices favor a stay of this case rather than outright dismissal, and no exceptions apply requiring dismissal. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998). However, because this case is almost entirely duplicative of the previously filed action, the Court will dismiss this matter pursuant to 28 U.S.C. § 1915, which permits federal courts to dismiss duplicative complaints as frivolous or malicious. *See Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) (dismissing inmate's § 1983 action as frivolous where issues in instant complaint could be addressed in inmate's other pending action).

---

[2] The exceptions as defined in *Younger* are: (1) the prosecution acted in bad faith; (2) the prosecution is part of a pattern of harassment against an individual; or (3) the law being enforced is unconstitutional.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Claims (ECF No. 1) against Separate Defendants Prosecuting Attorneys Thomas Dean, Frank Spain, and Robert Gibson, III, are **DISMISSED WITH PREJUDICE**.

Plaintiff's remaining claims are hereby **DISMISSED WITHOUT PREJUDICE.**

In addition, the Court's previous Order (ECF No. 4) directing the Clerk to collect the filing fee of $350.00, should be, and hereby is, **STRICKEN**.

**IT IS SO ORDERED,** this 14th day of December, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge